1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11                                ----oo0oo----

12
    JOHN HESSELBEIN,                    CIV. NO. 2:11-02157 WBS DAD
13
                 Plaintiff,             FINAL PRETRIAL ORDER
14
         v.
15
    CITY OF ELK GROVE; ELK GROVE
16  POLICE CHIEF ROBERT LEHNER;
    ELK GROVE POLICE DEPARTMENT
17  SERGEANT MICHAEL IANNONE
    (BADGE #14); ELK GROVE POLICE
18  DEPARTMENT OFFICER PAUL
    BECKHAM (BADGE #116); DOES I
19  THROUGH XX, INCLUSIVE,

20               Defendants.

21
                                  ----oo0oo----
22

23          A Final Pretrial Conference was held in this matter,

24  pursuant to the provisions of Rule 16(d) of the Federal Rules of

25  Civil Procedure and Local Rule 282, on September 14, 2015.

26  Stewart Katz and Dale Galipo appeared as counsel for plaintiff,

27  and Bruce Praet appeared as counsel for defendants.  Following

28  the conference, the court enters this Final Pretrial Order:

                                      1

I.   Jurisdiction – Venue

        Jurisdiction is predicated upon federal question jurisdiction, 28 U.S.C. §§ 1331, 1343 because plaintiff's claims arise under 42 U.S.C. § 1983.  Supplemental jurisdiction is predicated upon 28 U.S.C. § 1367.  Venue is undisputed and is hereby found to be proper.

II.   Jury – Non-Jury

        All parties have demanded a jury trial.  Accordingly, the action shall be tried, pursuant to Federal Rule of Civil Procedure 48, before a jury consisting of no less than six and no more than twelve members.

III.   Jury Instructions and Proposed Form of Verdict

        No later than ten court days before the trial date, counsel for plaintiff shall lodge and serve, pursuant to Local Rule 163, copies of all jury instructions that plaintiff requests be given on plaintiff's claims.  At that time, counsel for plaintiff shall also file and serve a copy of a proposed form of verdict.

        No later than seven court days before the trial date, counsel for defendants shall file and serve any objections to the instructions proposed by plaintiff.  At the same time, counsel for defendants shall lodge and serve, pursuant to Local Rule 163, copies of any and all jury instructions not already proposed by plaintiff, which defendants requests be given.  Also at that time, counsel for defendants shall file and serve a copy of any proposed form of verdict and shall also file any objections to plaintiff's proposed form of verdict.

        No later than four court days before the trial date,

1  counsel for plaintiff shall file and serve any objections to the

2  instructions proposed by defendants and to any proposed form of

3  verdict.

4        Pursuant to Local Rule 163, any other instructions

5  thereafter presented will be refused unless it is shown either:

6  (1) that the necessity for the request arose in the course of

7  trial; could not reasonably have been anticipated prior to trial

8  from the pleadings, discovery or nature of the action; and the

9  request for such additional instructions is presented to the

10 Court as promptly as possible; or (2) that the refusal to give

11 such instructions would constitute plain error.

12       Likewise, any objections to proposed instructions not

13 made in accordance with this order will be overruled as untimely

14 unless it is shown either: (1) that the grounds therefor arose in

15 the course of trial and the intention to make such objections is

16 communicated to the Court as promptly as possible, or (2) that

17 the giving of such instructions would constitute plain error.

18 IV.  Voir Dire Questions

19       No later than fourteen calendar days before the trial

20 date, counsel for each party shall submit all proposed jury voir

21 dire questions.  Each side shall have twenty minutes for attorney

22 voir dire.

23 V.  Trial Briefs

24       No later than ten calendar days before the trial date,

25 counsel for each party shall file trial briefs pursuant to Local

26 Rule 285.

27 VI.  Remaining Claims

28       Plaintiff's remaining claims for trial are:

(1)  excessive force in violation of the Fourth Amendment, 42 U.S.C. § 1983, against Officer Paul Beckham and Sergeant Michael Iannone;

(2) excessive force in violation of the Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1, against Officer Beckham;

(3) battery against Officer Paul Beckham; and

(4) negligence against Officer Paul Beckham.

No later than September 24, 2015, plaintiff shall file a statement indicating whether he intends to dismiss any of the aforementioned claims and identifying the final claims for trial. Defendant shall file any reply within five days of plaintiff's filing.

VII.  <u>Witnesses</u>

(A)  Plaintiff anticipates calling the witnesses identified at Exhibit "A" attached hereto.

(B)  Defendants anticipate calling the witnesses identified at Exhibit "B" attached hereto.

(C)  Except for retained experts, each party may call any witness designated by any other party.

(D)  No other witnesses will be permitted to testify at trial unless:

(1)  all parties stipulate that the witness may testify;

(2)  the party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not have been reasonably anticipated at the time of the Pretrial Conference; or

(3)  the witness was discovered after the Pretrial

4

1  Conference.

2          (E)   Testimony of a witness not designated in this

3  Order, which is offered under paragraph VII(D)(3), above, upon

4  the grounds that the witness was discovered after the Pretrial

5  Conference, will not be permitted unless:

6                (1)   the testimony of the witness could not

7  reasonably have been discovered prior to the Pretrial Conference;

8                (2)   the court and opposing counsel were promptly

9  notified upon discovery of the testimony; and

10               (3)   counsel proffered the witness for deposition

11  if time permitted or provided all opposing counsel a reasonable

12  summary of the testimony if time did not permit a deposition.

13  VIII.   Exhibits

14          (A)   Plaintiff intends to offer the exhibits identified

15  at Exhibit "C" attached hereto.

16          (B)   Defendants intend to offer the exhibits identified

17  at Exhibit "D" attached hereto.

18          (C)   Each party may offer any exhibit designated by any

19  other party.

20          (D)   No other exhibits will be received in evidence

21  unless:

22                (1)   all parties stipulate that the exhibit may be

23  received in evidence;

24                (2)   the party offering the exhibit demonstrates

25  that the exhibit is for the purpose of rebutting evidence which

26  could not have been reasonably anticipated at the time of the

27  Pretrial Conference; or

28                (3)   the exhibit was discovered after the Pretrial

5

Conference.

(E)   An exhibit not designated in this Order, which is offered under paragraph VIII(D)(3), above, upon the grounds that the exhibit was discovered after the Pretrial Conference, will not be received in evidence unless:

(1)   the exhibit could not reasonably have been discovered prior to the Pretrial Conference;

(2)   the court and opposing counsel were promptly notified upon discovery of the exhibit; and

(3)   counsel provided copies of the exhibit to all opposing counsel if physically possible or made the exhibit reasonably available for inspection by all opposing counsel if copying was not physically possible.

(F)   Each party shall exchange copies of all exhibits identified in this Order, or make them reasonably available for inspection by all other parties, no later than seven calendar days before the trial date.  Any and all objections to such exhibits shall be filed and served not later than four calendar days before the trial date.

(G)   The attorney for each party is directed to appear before trial and present an original (and if physically possible one copy) of each exhibit to Deputy Clerk Karen Kirksey Smith at 8:30 a.m. on the date of trial.

(H)   Each exhibit which has been designated in this Order and presented on the morning of the date of trial shall be pre-marked by counsel.  Plaintiff's exhibits shall bear numbers; defendants' exhibits shall bear letters.  If no objection has been made to such exhibit pursuant to paragraph VIII(F), above,

6

1   such exhibit will require no further foundation and will be

2   received in evidence upon the motion of any party at trial.

3   IX.   Further Discovery and Motions

4           Except for motions in limine, no further motions shall

5   be brought before trial except upon order of the court and upon a

6   showing of manifest injustice.  Fed. R. Civ. P. 16(e).  No

7   further discovery will be permitted except by the express

8   stipulation of all parties or upon order of the court and upon a

9   showing of manifest injustice.  Id.

10  X.   Use of Depositions or Interrogatories

11          No later than twenty calendar days before the trial

12  date, counsel for each party shall file and serve a statement

13  designating all answers to interrogatories and all portions of

14  depositions intended to be offered or read into evidence, with

15  the exception of portions to be used only for impeachment or

16  rebuttal.  No later than ten calendar days before the trial date,

17  counsel for any other party may file and serve a counter-

18  designation of other portions of the same depositions intended to

19  be offered or read into evidence and may file evidentiary

20  objections to any other parties' designation.  No later than

21  seven calendar days before the trial date, the parties may file

22  evidentiary objections to any other party's counter-designation.

23  XI.   Date and Length of Trial

24          The trial is set for November 10, 2015, in Courtroom

25  No. 5.  The court estimates that the trial will last

26  approximately five days.

27  XII. Settlement Conference

28          A Settlement Conference is set before Magistrate Judge

1   Newman at 10:00 a.m. on September 28, 2015.

2          Each party is ordered to have a principal with full

3   settlement authority present at the conference or be fully

4   authorized to settle the matter on any terms.  No later than

5   seven days before the date of the Settlement Conference, counsel

6   for each party shall submit a confidential Settlement Conference

7   Statement to the settlement judge.  Such statements shall not be

8   filed, but shall be delivered to the chambers of the settlement

9   judge, in hard copy.

10  XIII.   Daubert Procedure

11         Any challenges based on Daubert v. Merrell Dow

12  Pharmaceuticals, Inc., 509 U.S. 579 (1993) and Kumho Tire Co. v.

13  Carmichael, 526 U.S. 137 (1999) will be raised and resolved

14  outside the presence of the jury just prior to when the

15  challenged expert will be called to give testimony.  Any

16  challenged expert shall be present for such a challenge, and

17  shall be available for questioning.

18  XIV.   Evidence Presentation Equipment

19         If any party feels that electronic presentation is

20  necessary, they should contact the Courtroom Deputy prior to

21  trial to determine what equipment the court has and how to use

22  that equipment or bring their own audio visual equipment to the

23  courtroom and be prepared to operate it themselves.

24  XV.  Objections to Pretrial Order

25         Any objections or suggested modifications to this

26  Pretrial Order shall be filed and served within five court days

27  from the file-stamped date of this Order.  All references herein

28  to the date of this Order shall refer to the date the tentative

8

order is filed and not to the date any amended order is filed.
If no objections or modifications are made, this Order will
become final without further order of the Court and shall control
the subsequent course of the action, pursuant to Rule 16(e) of
the Federal Rules of Civil Procedure.

Dated:  September 22, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

9

1
<u>Exhibit A: Plaintiff's Witnesses</u>

2

3    1.    John Morgan Hesselbein
           c/o Law Office of Stewart Katz
4          555 University Avenue, Suite 270
           Sacramento, CA  95825

5
     2.    Jean Hesselbein
6          5036 Hemlock Street
           Sacramento, CA 95841
7

8    3.    Chief Robert Lehner
           Elk Grove Police Department
9          8400 Laguna Palms Way
           Elk Grove, CA 95758
10

11   4.    Sergeant Michael Iannone
           Elk Grove Police Department
12         8400 Laguna Palms Way
           Elk Grove, CA 95758
13

14   5.    Officer Paul Beckham
           Elk Grove Police Department
15         8400 Laguna Palms Way
           Elk Grove, CA 95758
16

17   6.    Officer Chrisopher Diaz
           Elk Grove Police Department
18         8400 Laguna Palms Way
           Elk Grove, CA 95758
19

20   7.    Officer Daniel Templeton
           Elk Grove Police Department
21         8400 Laguna Palms Way
           Elk Grove, CA 95758

22   8.    Officer Jason Jimenez
           Elk Grove Police Department
23         8400 Laguna Palms Way
           Elk Grove, CA 95758
24

25   9.    Officer Casey Robinson
           Elk Grove Police Department
26         8400 Laguna Palms Way
           Elk Grove, CA 95758
27

28
                              10

10.  Officer Andrew Bornhoeft
     Elk Grove Police Department
     8400 Laguna Palms Way
     Elk Grove, CA 95758

11.  Officer Philip Insixiengmay
     Elk Grove Police Department
     8400 Laguna Palms Way
     Elk Grove, CA 95758

12.  Deputy Bryan Johnson
     Sacramento County Sheriff's Department
     711 G Street
     Sacramento, CA 95814

13.  Jodi Jones
     Elk Grove Police Department
     8400 Laguna Palms Way
     Elk Grove, CA 95758

14.  Detective Jeffrey Scott
     Elk Grove Police Department
     8400 Laguna Palms Way
     Elk Grove, CA 95758

15.  Lieutenant Craig Potter
     Elk Grove Police Department
     8400 Laguna Palms Way
     Elk Grove, CA 95758

16.  Elk Grove Police Department Detective Michael Darlington
     Elk Grove Police Department
     8400 Laguna Palms Way
     Elk Grove, CA 95758

17.  Elk Grove Police Department Detective Jim Kang
     Elk Grove Police Department
     8400 Laguna Palms Way
     Elk Grove, CA 95758

18.  Gabe Penunuri
     Elk Grove Police Department
     8400 Laguna Palms Way
     Elk Grove, CA 95758

19.  Andrew Hall
     375 Redondo Ave., #437
     Long Beach, CA 90814
     (714) 234-0084

```
1
2      20.   Sookyoung Kim, RN
             Kaiser Hospital
3            1 Quality Drive
             Vacaville, CA 95688
4
5      21.   Matthew L. Agnew, M.D.
             Kaiser Permanente Hospital
6            6600 Bruceville Road
             Sacramento, CA 95823
7
8      22.   Wayne H. Fenton, M.D.
             Kaiser Permanente Hospital
9            P.O. Box 1311
             Fair Oaks, CA 95628
10
11     23.   Michael Ali, M.D.
             Calvine Urgent Care
12           8325 Elk Grove Florin Road, Ste. 800
             Elk Grove, CA 95829
13
       24.   Nicholas Mello
14           Consumnes Fire Department
             Fire Station 76
15           8545 Sheldon Road
             Elk Grove, CA 95624
16
17     25.   Aaron Schmitz
             Fire Station 76
18           8545 Sheldon Road
             Elk Grove, CA 95624
19
       26.   Officer Chris Vlamis
20           Elk Grove Police Department
             8400 Laguna Palms Way
21           Elk Grove, CA 95758
22
23
24
25
26
27
28
                                    12
```

Exhibit B: Defendants' Witnesses

1.  Nicole Hesselbein

2.  Officer Paul Beckham

3.  Sgt. Mike Iannone

4.  Officer Andrew Bornhoeft

5.  Officer Jason Jimenez

6.  Officer Chris Diaz

7.  Officer Dan Templeton

8.  Officer Casey Robinson

9.  George T. Williams

10.  Chief Robert Lehner

11.  Det. Ben Gomez

12.  RN Sookyoung Kim

<u>Exhibit C: Plaintiff's Exhibits</u>

1. Diagram 1 of 4 of Callippee Way (Deposition Exhibit 11)

   (Bates Stamp No. 702) - CAD Diagram

2. Diagram prepared by Bornhoeft (Deposition Exhibit 17)

3. Diagram prepared by Bornhoeft (Deposition Exhibit 18)

4. Diagram prepared by Bornhoeft (Deposition Exhibit 19)

5. Diagram prepared by Diaz (Deposition Exhibit 22)

6. Diagram prepared by Diaz (Deposition Exhibit 23)

7. Diagram prepared by Diaz (Deposition Exhibit 24)

8. Diagram prepared by Diaz (Deposition Exhibit 25)

9. Diagram prepared by Johnson (Deposition Exhibit 33)

10.    Diagram 2 of 4 of Callippee Way, incl. patrol cars

   (Deposition Exhibit 37)

   (Bates Stamp No. 704) – CAD Diagram

11.    Diagram prepared by Robinson (Deposition Exhibit 42)

12.    Diagram prepared by Robinson (Deposition Exhibit 43)

13.    Diagram prepared by Robinson (Deposition Exhibit 44)

14.    Diagram prepared by Robinson (Deposition Exhibit 45)

15.    Diagram prepared by Robinson (Deposition Exhibit 46)

16.    Diagram 4 of 4 of Callippee Way, incl. patrol car

   (Deposition Exhibit 50) (Bates Stamp No. 706) – CAD

   Diagram/Beckham notations

17.    Diagram prepared by Beckham (Deposition Exhibit 51)

18.    Diagram prepared by Beckham (Deposition Exhibit 52)

19.    Diagram prepared by Beckham (Deposition Exhibit 53)

20.    Diagram prepared by Iannone (Deposition Exhibit 59)

21.    Diagram prepared by Iannone (Deposition Exhibit 60)

22.     Elk Grove Police Department Policy #414: Hostages & Barricaded Suspects (7/8/10) (Deposition Exhibit 65)

23.     Elk Grove Police Department Policy #300: Use of Force (7/8/10) (Deposition Exhibit 68)

24.     Elk Grove Police Department Policy #304: Shooting Policy (7/8/10) (Deposition Exhibit 69)

25.     Elk Grove Police Department Policy #323: Prisoner Transport (7/8/10) (Deposition Exhibit 70)

26.     Elk Grove Police Department Policy #310: Officer-Involved Shooting (7/8/10) (Deposition Exhibit 71)

27.     Elk Grove Police Department Policy #309 -Taser Guidelines

28.     Elk Grove Police Department Policy #312-Firearms

29.     Elk Grove Police Department Policy #446-In Vehicle Video Procedure

30.     Elk Grove Police Department Policy # 450- Use of Audio Recorders

31.     Elk Grove Police Department Policy #702- Personal Communication Devices

32.     Elk Grove Police Department Policy # 432 Patrol Rifles

33.     Elk Grove Police Department Use of Force Review Board-OIS 1/30/11, dated 3/14/12 (Deposition Exhibits 64, 72,73 )

34.     Photograph 11-912_20110130_af004 - depicting Hesselbein's injuries (cropped)

35.     Photograph 11-912_20110130_af017 - depicting Hesselbein's injuries (cropped)

36.     Photograph 11-912_20110130_af018 -  depicting Hesselbein's injuries (cropped)

37.     Photograph 11-912_20110130_af030 - depicting Hesselbein's injuries (cropped)

38.     Photograph 11-912_20110130_af096 - Robinson's equipment belt

39.     Photograph 11-912_20110130_af132 - Iannone's equipment belt

40.     Photograph 11-00912_20110130_017_rr – front of 8605 Calippe Way

41.     Photograph 11-00912_20110130_095_rr – front of neighboring house

42.     Photograph 11-00912_20110130_127_rr – back of patrol car #094

43.     Photograph 11-00912_20110130_135_rr – front of 8605 Callippee Way

44.     Photograph 11-00912_20110130_139_rr – front of  8605 Callippee Way

45.     Photograph 11-00912_20110130_186_rr – patrol car #094 in front 8605 Callippee Way

46.     Photograph 11-00912_20110130_192_rr –Beckham's assault rifle

47.     Photograph 11-00912_20110130_306 _rr –unexpended cartridge

48.     Photograph 11-00912_20110130_325_rr –open passenger door-driver's side of patrol    car #094

49.     Photograph 11-00912_20110131_007_sw- Back of patrol car #094

50.     Photograph 11-00912_20110131_005_sw- Back of patrol car #094, C-post, passenger side

51.     Photograph 11-00912_20110131_003_sw  - front of patrol car #094

52.     Photograph 11-00912_20110131_031_sw – Driver-side passenger door with bullet hole, patrol car #094

53.     Photograph 11-00912_20110131_056_sw – passenger side-Door open, patrol car #094

54.     Photograph 11-00912_20110131_063_sw – rear Seat of patrol car #094

55.     Google Earth of House (Bates Stamp No. 707)

56.     Chain Link Handcuffs

57.     In-Car Camera Video/Audio from Beckham's Car

58.     In-Car Camera Video/Audio  from Insixiengmay's Car

59.     CAD Records Incident (Deposition Exhibit 3, Bates Stamp Nos. 138-142)

60.     CAD Background Chronology (Deposition Exhibit 5) (Bates Stamped Nos. 143-156)

61.     Table of Officer Identifiers (Deposition Exhibit 2)

62.     Audio CD of Dispatch & officer radio communications

1                        Exhibit D: Defendants' Exhibits

2

3        A.   911 Calls (audio and transcript)

4        B.   CAD Record (audio and transcript)

5        C.   Scene Diagram

6        D.   Nicole Hesselbein interview #1 (audio and transcript)

7        E.   Nicole Hesselbein interview #2 (audio and transcript)

8        F.   John Hesselbein interview (audio and transcript)

9        G.   EPO of January 2, 2011

10       H.   Text Messages between Nicole and John Hesselbein

11       I.   CAD Record of January 15, 2011

12       J.   CAD Record of September 6, 2010

13       K.   CAD Record of February 8, 2010

14       L.   John Hesselbein's RAP Sheet

15       M.   Photo of Plaintiff on gurney (af041)

16       N.   Photo of Hospital cabinet door (af050)

17       O.   Photo of Hospital computer (af052)

18       P.   Photo of Hospital phone (af039)

19       Q.   Photo of police car at house (rr097)

20       R.   Photo of front of house (rr136)

21       S.   Photo looking from front out (rr154)

22       T.   Photo of interior of police car (rr200)

23       U.   Photo of left side of police car (rr201)

24       V.   Photo of front of house in day (rr211)

25       W.   Photo of lighter in street (rr225)

26       X.   Photo of beer can in grass (rr237)

27       Y.   Photo of police car with doors open (rr339)

28       Z.   Photo of bat on bed (rr462)

                                  18

1    AA.  Photo of paint on wall (rr465)

2    BB.  Photo of paint can on bed (rr466)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28