UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JOHN HESSELBEIN,<br><br>        Plaintiff,<br><br>   v.<br><br>PAUL BECKHAM,<br><br>        Defendant. | CIV. NO. 2:11-2157 WBS AC<br><br>ORDER RE: MOTIONS FOR RECONSIDERATION AND INTERLOCUTORY APPEAL |

----oo0oo----

After a four-day jury trial, the jury returned a verdict in favor of defendant Elk Grove Police Officer Paul Beckham on plaintiff John Hesselbein's 42 U.S.C. § 1983 claim for excessive force in violation of the Fourth Amendment. In an Order dated March 9, 2016, the court denied plaintiff's renewed motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) but granted plaintiff's motion for a new trial under Rule 59. Defendant now moves for reconsideration of that portion of the Order granting a new trial and,

1

alternatively, for certification of an interlocutory appeal from that portion of the Order pursuant to 28 U.S.C. § 1292(b). Conversely, plaintiff moves for certification of interlocutory appeal from that portion of the Order denying plaintiff's renewed motion for judgment as a matter of law.

I.  Motion for Reconsideration

"Federal Rule[] of Civil Procedure 60(b) provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 (1988).  Under Rule 60(b)(1), the court may relieve a party from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b).  Although "[t]he Rule does not particularize the factors that justify relief, [the Supreme Court has] previously noted that it provides courts with authority adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice, while also cautioning that it should only be applied in extraordinary circumstances." Liljeberg, 486 U.S. at 863-64.

Having considered defendant's motion for reconsideration, the court is not persuaded that it made an error of law or fact.  Defendant does not advance a single argument in his motion for reconsideration that the court did not carefully consider before reaching its decision.  The court remains firmly convinced that its decision to grant a new trial was correct for the reasons discussed in the March 9, 2016 Order.  Accordingly, the court will deny defendant's motion for reconsideration.

II.  Motion for Interlocutory Appeal

Under 28 U.S.C. § 1292(b), a district court may certify for appeal an interlocutory order which is not otherwise appealable if the district court is "of the opinion that such order [1] involves a controlling question of law as to which [2] there is substantial ground for difference of opinion and that [3] an immediate appeal from the order may materially advance the ultimate outcome of the litigation."  28 U.S.C. § 1292(b).  A question of law is controlling if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court" and it is not collateral to the major issues of the case.  In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982).  Section 1292(b) "is to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation." U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966).

In considering the post-trial motions, the court gave serious consideration to granting plaintiff's renewed motion for a directed verdict.  As the court discussed at length in its March 9, 2016 Order, it is difficult to understand how the jury could have found that a reasonable officer would have perceived plaintiff as posing an imminent threat necessitating the use of deadly force under the circumstances of this case.  (See Mar. 9, 2016 Order at 10:8-16:14 (Docket No. 108).)  Despite the paucity of evidence supporting the verdict, the court recognized that reasonableness is peculiarly a factual inquiry that should be examined by a jury which reflects the conscience of the

3

community.  Out of deference to the jury's proper role as the trier of fact, and under the narrow inquiry governing a Rule 50 motion, the court felt obliged to deny plaintiff's motion for a renewed judgment as a matter of law.

However, as discussed in the March 9, 2016 Order, the inquiry governing a motion for new trial is not as deferential and the court has the duty to weigh the evidence and ensure that a miscarriage of justice did not occur.  (See id. at 17:6-18:11.)  The court could not in good conscience ignore the scarcity of evidence when coupled with the jury's consideration of inadmissible character evidence that the Ninth Circuit has held can constitute reversible error.  (See id. at 18:12-23:16.)  For these reasons, the court has no doubt that a miscarriage of justice occurred and that plaintiff is accordingly entitled to a new trial.

Despite the court's effort to consider each motion independently and under the appropriate standard, different judges on appeal could easily conclude that the court was too deferential to the jury in denying plaintiff's Rule 50 motion.  Conversely, different judges on appeal might disagree with this court's decision to grant a new trial.  If the judges on appeal disagree with either decision, reversal would be dispositive of the entire case and prevent a second trial.  Resolution of these controlling questions of law at this time would undoubtedly advance the outcome of the litigation and could prevent the court, potential jurors, and parties from expending significant time and resources on an unnecessary second trial.  Accordingly,

the court will grant both parties' motions for certification of the court's March 9, 2016 Order for interlocutory appeal.

        IT IS THEREFORE ORDERED that (1) defendant's motion for reconsideration of the court's March 9, 2016 Order be, and the same hereby is, DENIED; (2) defendant's motion for certification for interlocutory appeal of the court's grant of a new trial be, and the same hereby is, GRANTED; and (3) plaintiff's motion for certification for interlocutory appeal of the court's denial of his renewed motion for judgment as a matter of law be, and the same hereby is, GRANTED.

Dated: May 2, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE